| | |
|---|---|
| DAVID L. ANDERSON (CABN 149604)<br>United States Attorney<br>SARA WINSLOW (DCBN 457643)<br>Chief, Civil Division<br>KIMBERLY A. ROBINSON (DCBN 999022)<br>Assistant United States Attorney<br><br>    450 Golden Gate Avenue<br>    San Francisco, CA 94102-3495<br>    Telephone: (415) 436-7298<br>    FAX: (415) 436-6798<br>    Kimberly.robinson3@usdoj.gov<br><br>Attorneys for Defendant<br>United States Department of Energy | STACEY P. GEIS, State Bar No. 181444<br>Earthjustice<br>50 California Street, Suite 500<br>San Francisco, CA 94111<br>sgeis@earthjustice.org<br>Tel: 415-217-2000/Fax: 415-217-2040<br><br>KIM SMACZNIAK, \*D.C. Bar No. 1552245<br>Earthjustice<br>1625 Massachusetts Avenue N.W., Suite 702<br>Washington, D.C. 20036<br>ksmaczniak@earthjustice.org<br>Tel: 202-667-4500/Fax: 202-667-2356<br>\* Admitted *pro hac vice*<br><br>CASSANDRA R. MCCRAE, \*Texas Bar No. 24094830<br>Earthjustice<br>1617 John F. Kennedy Blvd., Suite 1130<br>Philadelphia, PA 19103<br>cmccrae@earthjustice.org<br>Tel: 212-823-4984/Fax: 212-918-1556<br>\* Admitted *pro hac vice*<br><br>Attorneys for Plaintiff<br>Sierra Club |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SIERRA CLUB,<br>    Plaintiff,<br><br>vs.<br><br>UNITED STATES DEPARTMENT OF ENERGY,<br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case Number: 3:19-CV-02246-LB<br><br>**JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER**<br><br>Date: July 25, 2019<br>Time: 11 am<br>Location: Courtroom B, 15th Floor<br>Phillip Burton Federal Building<br>450 Golden Gate Avenue |

Page **1** of **7**

JOINT CASE MANAGEMENT STATEMENT
CASE NO: 3:19-CV-02246-LB

) San Francisco, CA 94102
)
) Hon. Laurel Beeler

Pursuant to the April 25, 2019 Order (Dkt. 7), the Parties submit this joint case management statement in advance of the upcoming July 25, 2019, case management conference.

1. Jurisdiction & Service

Plaintiff Sierra Club ("Plaintiff") asserts jurisdiction in this Freedom of Information Act ("FOIA") action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331. Defendant U.S. Department of Energy ("Defendant") has been served.

2. Facts

Plaintiff alleges that Defendant has failed to comply with the FOIA by failing to produce agency records responsive to one FOIA request HQ-2018-1467-F, which consists of four parts. (Dkt. 9-2). The request generally relates to Bernard McNamee, who is currently a Commissioner at the Federal Energy Regulatory Commission, and concerns the scope of his activities during his employment as a senior DOE official as well as his engagement with other DOE officials during an intervening period between his two periods of employment with DOE. Defendant received a request from Plaintiff dated August 13, 2018, and Defendant sent an interim response to Plaintiff on August 17, 2018. (Dkt. 9-4). By the interim response, Defendant granted Plaintiff's request for a fee waiver and denied Plaintiff's request for expedited processing, but did not produce any responsive documents or specify a timeframe for doing so.

On April 25, 2019, after not receiving any responsive documents, Plaintiff filed a complaint alleging that Defendant violated FOIA by failing to make a final determination or produce records in response to Plaintiff's request within the timeframe required by statute. On June 28, 2019, Defendant released a partial response to Plaintiff's request. In that initial response, DOE

produced the non-exempt portions of 19 documents, consisting of a total of 345 pages. All of those documents are responsive to parts 1 and 4 of Plaintiff's request. The Parties have determined and agreed that there are no records responsive to part 2 of the Request and, together, they are working to prioritize the agency's search, review, and production of additional documents responsive to part 1 of the Request. DOE has determined that there are no responsive documents to part 3 of the Request.

Defendant states that it continues to work to complete its response to Plaintiff's FOIA request. As of the date of filing, Defendant has identified approximately 15,000 documents potentially responsive to part 1 Plaintiff's request. Defendant does not yet know the exact page count associated with the approximately 15,000 documents, which may include pages that Defendant ultimately determines are not responsive or are duplicates of pages already produced. Defendant continues to explore other ways to further focus the search results and is discussing proposals with Plaintiff on an ongoing basis.

3. <u>Legal Issues</u>

Plaintiff's Complaint for Declaratory and Injunctive Relief raises a number of issues, including:

(1) whether Defendant violated FOIA, 5 U.S.C. § 552, by failing to produce records in response to Plaintiff's FOIA request;

(2) whether Plaintiff is entitled to declaratory and injunctive relief; and

(3) whether Plaintiff is entitled to litigation costs and reasonable attorneys' fees in this action.

4. <u>Motions</u>

The parties anticipate that any issues that cannot be resolved between the parties will be submitted to the Court via joint letter brief or cross-motions for summary judgment. Such

issues may include whether Defendant has conducted an adequate search for responsive records; the propriety of any claims by Defendant that any records, or portions thereof, are exempt from disclosure; and the timeliness of Defendant's productions.

5. Amendment of Pleadings

At this time, the Parties do not anticipate amending the pleadings.

6. Evidence Preservation

The parties certify that they have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"). The parties acknowledge their duty to preserve relevant materials in accordance with applicable rules and case law.

7. Disclosures

At this time the Parties do not anticipate the need for discovery in this FOIA action and respectfully request that the Court excuse the parties from the exchange of initial disclosures pursuant to Federal Rule of Civil Procedure 26.

8. Discovery

The Parties do not anticipate the need for discovery in this FOIA action at this time. The Parties note that discovery is generally limited in FOIA actions. *See Lane v. Dep't of Interior*, 523 F.3d 1128, 1134 (9th Cir. 2008) (noting that discovery is limited in FOIA cases "because the underlying case revolves around the propriety of revealing certain documents").

9. Class Actions

Not applicable.

10. Related Cases

None.

11. Relief

Plaintiff seeks declaratory and injunctive relief with respect to the search, release, and disclosure of requested agency records, as well as attorneys' fees and costs.

Defendant states that Plaintiff is not entitled to any relief.

12. Settlement and ADR

The Parties are amenable to Settlement discussions and ADR. After a production schedule is determined, the Parties plan to further discuss when ADR and/or Settlement discussions might be prudent and what kind of ADR would be most useful (private mediator or magistrate judge). The Parties will relay their agreements to the Court in the next case management statement.

13. Consent to Magistrate Judge For All Purposes

The Parties have consented to United States Magistrate Judge jurisdiction in this case.

14. Other References

This case is not suitable for binding arbitration, a special master, or the Judicial Panel on Multidistrict litigation.

15. Narrowing of Issues

The Parties are working collaboratively and productively to resolve their disputes to the greatest extent possible, such that any dispute/s presented to the Court would be narrow.

16. Expedited Trial Procedure

Not applicable.

17. Scheduling

The parties have met and conferred and are working to focus DOE's search for responsive documents through the use of agreed search criteria. The Agency will apply the new search criteria to the documents collected and will report back to Plaintiff. The Agency will work as

diligently as possible to develop a production schedule, including an end production date, which will depend on number and type of records collected.

18. Trial

At this time, the parties expect that any disputed issues will be resolved on joint letter brief or cross-motions for summary judgment and do not anticipate the need for trial in this FOIA action.

19. Disclosure of Non-party Interested Entities or Persons

Pursuant to Civil L.R. 3-15, Plaintiff certifies that as of this date, other than the named parties, there is no such interest to report.

This requirement does not apply to Defendant.

20. Professional Conduct

All attorneys of record for the Plaintiff and Defendant have reviewed the Guidelines for Professional Conduct for the Northern District of California.

21. Other

None at this time.

Dated: July 16, 2019

DAVID L. ANDERSON
United States Attorney

*/s/ Kimberly A. Robinson*
KIMBERLY A. ROBINSON
Assistant United States Attorney
Attorneys for Defendant

SIERRA CLUB
*/s/ Cassandra McCrae*
CASSANDRA MCCRAE
KIM SMACZNIAK
Attorneys for Plaintiff Sierra Club

<u>CASE MANAGEMENT ORDER</u>

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions. [In addition, the Court makes the further orders stated below:]

IT IS SO ORDERED.

Dated:

MAGISTRATE JUDGE LAUREL BEELER